UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA RENEE KURDAS
f/k/a SANDRA KURDAS JORGE,

        Plaintiff,                                          Case No.: 8:16-cv-194-T-24-JSS

vs.

PLINIO C. PINA MENDEZ,
JUAN MANUEL SUERO, and
PINA MENDEZ & ASOCIADOS,

        Defendants.

_____/

## **ORDER**

       This cause comes before the Court on (1) Defendants Plinio C. Pina Mendez and Pina Mendez & Asociados' Motion to Dismiss (Dkt. 16)[1] to which Plaintiff has filed a response in opposition (Dkt. 18); (2) Defendant Juan Manuel Suero's Motion to Dismiss for Lack of Jurisdiction (Dkt. 17) to which Plaintiff has filed a response in opposition (Dkt. 19); and (3) Defendant Juan Manuel Suero's Motion to Dismiss on Forum Non Conveniens Grounds (Dkt. 20)[2] to which Plaintiff has filed a response in opposition (Dkt. 28).

       Defendants move to dismiss on personal jurisdiction and forum non conveniens grounds. The Court will first address the background and law necessary to decide the forum non conveniens issue.  Because the Court finds that this case should be dismissed on forum non conveniens grounds, the Court need not address Defendants' other arguments.

---

[1] Defendant Suero states in his Motion to Dismiss Based on Forum Non Conveniens that he joins in this motion "to the extent required to dismiss the whole case." Dkt. 20.

[2] Defendants Plinio C. Pina Mendez and Pina Mendez & Asociados filed a motion to join in Defendant Suero's motion.  Dkt. 22.  The Court grants the motion to join.

## I.      BACKGROUND

On January 25, 2016, Plaintiff filed the instant case against Defendants.  Dkt. 1.  Plaintiff is a United States citizen and resides in Bradenton, Florida.  *Id.* at ¶ 3.  Defendant Mendez is a citizen of the Dominican Republic, is an attorney licensed to practice law in the Dominican Republic, and lives there.  *Id.* at ¶ 4.  Mendez is the owner of Defendant law firm Pina Mendez & Asociados.  *Id.*  Pina Mendez & Asociados was formed under the laws of the Dominican Republic, and the law firm is located in Santo Domingo, Dominican Republic.  *Id.* at ¶ 6. Defendant Suero is also a citizen of the Dominican Republic and is an attorney licensed to practice law there.  *Id.* at ¶ 5.  Suero either lives in the Dominican Republic or California.  *Id.*

Plaintiff was married to Francisco Antonio Jorge Elias, a citizen of the Dominican Republic.  *Id.* at ¶ 8.  In 2012, Plaintiff met with Defendants in Bradenton, Florida to discuss her impending divorce from Elias, which divorce was to take place in the Dominican Republic and pursuant to the laws of that country.  *Id.*  Plaintiff signed a contingency fee contract with Defendants to represent her in her divorce from Elias.  *Id.* at ¶¶ 9-10.  The contingency fee agreement stated that it was governed by the laws of the Dominican Republic.  Dkt. 28 at 3. Pursuant to the terms of the contract, Plaintiff would pay Defendants 30% of her recovery of marital assets and real property obtained in the Dominican Republic divorce.  Dkt. 1 at ¶ 11.  Over the course of the divorce proceedings and negotiations, Plaintiff met with Defendants in Bradenton, Florida and in the Dominican Republic.  *Id.* at ¶ 14.  Plaintiff traveled to the Dominican Republic to attend various divorce proceedings and also met with Defendants while she was there. *Id.* at ¶ 17.

Defendants negotiated a marital settlement agreement with Elias, which was executed in the Dominican Republic by Plaintiff and Defendants, Elias and Elias' legal team, and became effective March 31, 2015. *Id.* at ¶ 19. Defendant Suero states in his affidavit that this document was to be governed by the laws of the Dominican Republic. Dkt. 20-1. Plaintiff alleges she did not know the terms of the settlement agreement because she was "pressured" into signing the agreement, and she did not discover the terms of the agreement until Elias provided her a copy in September 2015. Dkt. 1 at ¶¶ 19-21. Pursuant to the marital settlement agreement, Defendants waived their 30% contingency fee in exchange for four million five hundred thousand Dominican Pesos, which were to be paid by Elias to Defendants. *Id.* at ¶ 22. In addition to monthly alimony, Elias also agreed to pay Plaintiff lump sums of money in three payments, the first of which was to be paid to her ten days after the execution of the settlement agreement. Shortly after executing the agreement, Elias sent Plaintiff $1,000,000 US dollars to her bank account in Florida. *Id.* at ¶ 30. Despite waiving their contingency fee in the settlement agreement, Defendants allegedly still represented to Plaintiff that she owed them 30% of her recovery from the divorce. *Id.* at ¶ 23. Plaintiff alleges that Defendants would not let her leave the Dominican Republic without paying them $300,000 US dollars, which was 30% of the payment she received from Elias. *Id.* at ¶ 31. Plaintiff alleges the transaction was initiated on Defendant Mendez's office computer. *Id.* Plaintiff further alleges that Defendants demanded 30% of the $6,000 US dollar monthly alimony payments made from Elias to Plaintiff and that Plaintiff did in fact pay to Defendants $1,800 US dollars on numerous occasions. *Id.* at ¶¶ 38-42. In total, Plaintiff paid to Defendants $312,600 US dollars. *Id.* at ¶ 43.

Plaintiff brings the following claims against Defendants:

(1) Fraud for failing to advise her of the true nature of the divorce proceedings, failing to provide her with documents in the divorce, pressuring her into signing the settlement agreement, failing to disclose the terms of the settlement agreement to Plaintiff, lying to Plaintiff in order to intimidate her in the course of the divorce proceedings, failing to advise Plaintiff when Defendants received alimony payments from Elias, and collecting $312,600 from Plaintiff related to the divorce when Defendants allegedly waived their contingency fee.

(2) Breach of Fiduciary Duty by Defendants as Plaintiff's attorneys in her Dominican Republic divorce proceeding.

(3) Estoppel for misrepresentation of material facts regarding the divorce, contingency fee agreement, and settlement agreement.

(4) Accounting in which Plaintiff states that she does not know the extent of the amount of damages she suffered resulting from Defendants' representation of her in the Dominican Republic divorce because they failed to provide Plaintiff with invoices detailing their fees and expenses deducted from the monthly payments made by Elias from May 2013 to April 2015.

## II. FORUM NON CONVENIENS

A forum non conveniens dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (citation omitted). The party seeking to have a case dismissed based on forum non conveniens "must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932, 937 (11th Cir. 2005) (quoting *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001)).

As to part one, availability and adequacy warrant separate consideration. *Rivas ex rel. Estate of Gutierrez v. Ford Motor Co.*, No. 8:02 CV-676-T-17 EAJ, 2004 WL 1247018, at *2 (M.D. Fla. Apr. 19, 2004). An alternative forum is "available" to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred. *Id.* Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Id.* (citation omitted). An alternative forum is presumed adequate, unless the plaintiff makes some showing to the contrary. *Id.* Importantly, an adequate forum need not be a perfect forum. *Id.* (citation omitted).

If the Court determines that the proposed alternative forum is available and adequate, it will balance public and private interests to determine whether the convenience of the parties and the ends of justice would best be served by dismissing the action. *Id.* Private-interest factors include ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Membreno*, 425 F.3d at 937 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). In balancing the private interest factors, courts must take into account the strong presumption against disturbing the plaintiff's initial choice of forum. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (citation omitted). Public-interest factors include the sovereign's interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law. *Membreno*, 425 F.3d at 937.

## A.    Availability and Adequacy

Defendants state that Plaintiff has available remedies in the Dominican Republic where there is a court that has subject matter jurisdiction over the claims raised in this case. Defendants

have all stipulated to the following: (1) they will submit to the jurisdiction of the appropriate court in the Dominican Republic; (2) they will accept service of process in the Dominican Republic; (3) they will waive any statute of limitation defense attributable to the filing of this case and a reasonable time for refiling the action in the Dominican Republic; and (4) they will be bound by any judgment entered against them in the Dominican Republic.  Dkt. 16 at 7; Dkt. 16-1 at 1; Dkt. 20 at 4; Dkt. 20-1 at 2.  Because Defendants are amenable to service of process in the Dominican Republic, the Dominican Republic is an available forum for this dispute.

Plaintiff states that the Dominican Republic is not an adequate forum because she will have difficulty compelling witness testimony of unwilling witnesses located within and outside of the Dominican Republic.  However, this Court could not compel witness testimony of those witnesses located in the Dominican Republic.  Keeping in mind that an adequate forum need not be a perfect forum, the Court finds that the Dominican Republic is an adequate forum.

Because the Court has concluded that the Dominican Republic is both an available and adequate forum, the public and private interests must be balanced in order to determine whether the convenience of the parties and the ends of justice would best be served by dismissing the action in favor of the Dominican Republic.

### B.      Private Interests

As stated above, private interest factors include relative ease of access to sources of proof, access to unwilling and willing witnesses, the ability to compel testimony, the enforceability of judgment, and all other practical problems that make the trial of a case easier, faster, and cheaper. *Membreno*, 425 F.3d at 937; *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009) (citation omitted).  The factors are not exhaustive and courts should be flexible in applying them.

6

According to Defendants, the "Complaint easily establishes that the allegations are premised primarily on events that took place in the Dominican Republic and almost every material witness is located in [the] Dominican Republic." Dkt. 16 at 8. They assert that "most if not all relevant witnesses, especially those crucial to the defense or any potential counterclaim … are located outside the United States." Dkt. 20 1t 7. Defendant Suero attaches a non-exhaustive witness list to his motion (Dkt. 20-3) that contains the names of five potential witnesses in addition to a records custodian (located in the Dominican Republic). All are Dominican nationals located in the Dominican Republic. Defendants claim that their key witness is Plaintiff's ex-husband and he is located in the Dominican Republic. It is unknown to the Court whether these witnesses would be willing to testify in the United States. Defendants state, without much support, that the sources of proof are all outside of the United States and outside the subpoena power of this Court.

In response, Plaintiff points to a case in the Southern District of Florida in which Defendant Suero filed an affidavit in support of keeping a Southern District of Florida case in Florida, as opposed to the Dominican Republic. Dkt. 19-7. The Court does not find this to be persuasive in the context of this case and with respect to the relevant witnesses and sources of proof. Plaintiff attaches a preliminary witness list to her response (Dkt. 28-2), which includes twenty-nine witnesses, including various records custodians. Thirteen of those witnesses are located outside of the jurisdiction of this Court.[3] Plaintiff states that it would be a hardship for her and the witnesses located in the United States to incur the costs of testifying in the Dominican Republic. Defendants also state that it would be a hardship for Defendants and their witnesses to travel to Florida to defend this lawsuit.

---

[3] Two of these witnesses are listed with California addresses. However, one of the witnesses is Defendant Suero who is a citizen of the Dominican Republic and either lives there and/or in California. The other eleven of the thirteen witnesses are listed with addresses in the Dominican Republic.

Courts have dismissed cases where the witnesses are located in the Dominican Republic and the court cannot compel their attendance. *See, e.g., Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008), *aff'd*, 325 F. Appx. 900 (11th Cir. 2009) (dismissing on forum non conveniens grounds and finding that the Dominican Republic was the more convenient forum in part because witnesses were located there); *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171-CIV, 2008 WL 4186979, at *9 (S.D. Fla. Sept. 5, 2008) (dismissing case on forum non conveniens grounds and finding that "[w]here several of the defendants [we]re outside of the compulsory process of this Court and where those witnesses [we]re the . . . defendants' main witnesses to challenge plaintiffs' claims of liability, . . . the [c]ourt believe[d] that the . . . defendants would be severely prejudiced in their ability to defend their case."). Defendants have not identified any witnesses that would be available to testify in the Dominican Republic but would not be available to testify in this Court, and Plaintiff has not identified any witnesses that would be available to testify in this Court but not in the Dominican Republic. Both sides state that it would be a hardship, but not impossible. Because there are witnesses located in Florida and in the Dominican Republic, the Court does not find that either side has presented a more compelling argument with respect to witness location.

Plaintiff concedes that the documents and sources of proof with respect to the divorce case are located in the Dominican Republic. Dkt. 28 at 9. She also alleges in the Complaint that Defendants came to her house and took three boxes of documents with them that included account statements, documents relating to the divorce, and other personal financial information concerning the marital assets of Plaintiff and her ex-husband. Dkt. 1 at ¶ 16. If those documents are relevant to this case, they are presumably still located within Defendants' control in the Dominican

Republic.  The sources of proof are more likely located in the Dominican Republic rather than in Florida.

According to Defendants, Plaintiff has already availed herself of the jurisdiction of the Dominican Republic since her divorce proceeding.  Defendants have sued Plaintiff in the Dominican Republic for breach of the attorney-client contract, failure to pay legal fees, and other damages in connection with their representation of Plaintiff in the divorce proceedings.  Dkt. 25 at 1.  Plaintiff has brought two actions in the Dominican Republic challenging Defendants' claim for attorneys' fees, which cases are both pending in the Dominican Republic.  *Id.* at 1-2.  Plaintiff contends that the actions she has taken in the Dominican Republic are only for the purposes of preventing Defendants from freezing payments and assets pursuant to the marital settlement agreement.  Dkt. 33-1 at 9.  Nevertheless, the Court finds it odd that Plaintiff contends it would be a hardship for her to bring this case in the Dominican Republic when she is currently pursuing two lawsuits against Defendants there now.

After considering the private interest factors, the Court finds that they weigh in favor of dismissing the case so it can be litigated in the Dominican Republic, but do not necessarily disturb Plaintiff's selection of the Middle District of Florida as her forum.  The Court will now consider the public interest factors.

### C.      Public Interests

As discussed above, the public interest factors that bear on the forum non conveniens issue include: (a) administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; (c) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (d) the avoidance of

unnecessary problems in conflict of laws, or in the application of foreign law; and (e) the unfairness of burdening citizens in an unrelated forum with jury duty.  *Gulf Oil Corp.*, 330 U.S. at 509.

Important to the public interest factor analysis in this case are that the relevant contracts (the contingency contract and the marital settlement agreement) are to be construed under the laws of the Dominican Republic, and the divorce case at the center of this case took place in a Dominican Republic court and pursuant to the laws of that country.  As stated above, the application of foreign laws is a public interest factor bearing on the forum non conveniens analysis. This Court would have to apply foreign law in order to interpret the contracts central to Plaintiff's claims in this case.  That is not something this Court is inclined to do if the case is more appropriately brought in the jurisdiction in which the contracts are to be interpreted and the divorce case surrounding those contracts took place.

Here, Plaintiff is suing her attorneys for breach of fiduciary duty (among other claims), but that duty is one that is related to their representation of her in the Dominican Republic and the contracts they entered into pursuant to Dominican Republic law.  The Rules Regulating the Florida Bar and the Florida Rules of Professional Conduct do not apply to Plaintiff's Dominican attorneys, and the Court would have difficulty in determining whether Defendants violated a duty to Plaintiff in connection with a divorce proceeding in the Dominican Republic and related to contracts entered into pursuant to Dominican Republic law.  Florida also prohibits contingency fees in divorce cases,[4] so the Dominican Republic contingency fee contract is not one that a jury or the Court would be familiar with.

A jury composed of residents of the Middle District of Florida has minimal interest (if any) in adjudicating a dispute between Plaintiff and citizens of the Dominican Republic concerning

---

[4] Florida Rule of Professional Conduct 4-1.5(1)(3)(A) prohibits fees in domestic relations matters that are contingent on obtaining a divorce, the amount of alimony, or the resulting property settlement.

Plaintiff's Dominican divorce from her Dominican ex-husband and contracts that are to be construed under the laws of the Dominican Republic.  When Plaintiff married a Dominican national, divorced him in proceedings in the Dominican Republic, and signed a contingency fee contract and a marital settlement agreement governed by Dominican Republic, it is unreasonable to ask this Court to adjudicate Plaintiff's claims stemming from her foreign divorce.

Finally, there would be delays if this case were to be litigated in this Court due to the need to translate documents and witness testimony from Spanish into English.

### III.    CONCLUSION

The Court gives Plaintiff's choice of forum substantial weight.  However, that one factor is not given controlling weight.  *La Seguridad*, 707 F.2d at 1307.  While the private interest factors are close to even (slightly leaning in favor of Defendants' motions to dismiss based on forum non conveniens), the public interest factors overwhelmingly weigh in Defendants' favor.  The Court dismisses this case on forum non conveniens grounds so that it may be litigated in the Dominican Republic because (1) the Dominican Republic is an adequate and available forum, (2) the public interest factors weigh in favor of Defendants, and (3) because Defendants have agreed to the following: they will submit to jurisdiction and service of process in the Dominican Republic, they will be bound by any judgment rendered against them there, they will make witnesses and evidence available to Plaintiff, and they will not plead statute of limitations or any other jurisdictional bar in the courts of the Dominican Republic.  Because the Court dismisses this case on forum non conveniens grounds, it is not necessary to address Defendants' arguments regarding personal jurisdiction.

For the reasons given above, this Court finds that dismissal of this case under the doctrine of forum non conveniens is appropriate.  Accordingly, it is **ORDERED and ADJUDGED** that

Defendants' motions to dismiss under the doctrine of forum non conveniens (Dkt. 16, 20) are

GRANTED.  The Clerk is directed to terminate all pending motions and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of June, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record